Per Curiam.
This action was brought to recover $9,523.42, as a balance due the plaintiff for work done and materials furnished by plaintiff at request of defendant in plumbing, gas-fitting, steam-heating and roofing a dwelling-house of defendant. The plaintiff claimed to recover for the value of the work and materials furnished by him.
The answer averred that all the work and materials referred to in the complaint, were done and furnished under three separate special contracts. One related to plumbing and gas-fitting, and by it the plaintiff agreed to do the plumbing and gas-fitting for the cost of the labor and materials, with ten per cent, added. The second was for the roofing, and provided that the plaintiff should be paid $568. The third related to the steam-heating apparatus, and in it the plaintiff contracted to put steam-heating apparatus in the house for the sum of about $4,000, and agreed that he would put it in in a workmanlike manner, and that the same, when put in, should accomplish the purpose for which it was intended, namely, the proper warming and heating the said house. _
The referee found that the gas-fitting and plumbing were done under a special contract, like that in the answer. This would entitle the plaintiff to recover the amount provided to be paid to him by that contract. In a certain manner he proved the value of the work and materials. As there would be no presumption that this value was cost and ten per cent., it would not be the measure of his recovery. He beyond this proved, that the stipulated compensation for the roofing, &c., would not give him ten per cent, profit, and for the steam-heating apparatus would not give ten per cent, profit, and then he testified that the whole bill for everything that he did on the house, *510 including the two contracts, did not net him a greater profit than ten per cent. There was no other evidence on the subject. It could not be inferred, from the testimony given, that the charge for plumbing and gas-fitting did not include more than ten per cent, on the cost of the work and materials. As the referee based the plaintiff’s recovery upon the special contract, and as there was no proof that the plaintiff’s charges in his bill accorded with the stipulated compensation, there must be a reversal of the judgment.
As to the steam-heating apparatus, the referee found that the plaintiff contracted with the defendant to put a steam-heating apparatus in his house for $3,936, which, when put in, should properly heat the house.
Undoubtedly, if the steam apparatus did not properly heat the house, the plaintiff would not have the right to recover.the stipulated sum, unless he showed a sufficient excuse for any deficiency in that respect. The referee refused to find that the steam-heating apparatus did not properly heat the house, after having found that the plaintiff performed his agreement in respect to it. The defendant’s counsel claims that the plaintiff’s own testimony on this point admits that the apparatus was not sufficient, because it gives excuses for deficiencies in this respect. It appears, however, that these excuses consist of directions that were given by the defendant through his architect to make certain parts of the apparatus,-—for instance, the boiler,—of a certain size and kind. The testimony admitted of the construction that if the apparatus failed to supply enough heat, it was due to the size and kind and situation of the boiler. If these followed the direction of the defendant, then the plaintiff’s contract would in substance be that the apparatus was to heat the house as well as might be with the use of- the boiler of the kind chosen by the defendant, placed according to the direction of defendant. If the referee found these facts to be as testified to by the plaintiff, he was justified in finding that the plaintiff had performed his agreement.
*511 The findings proceed in favor of plaintiff on another ground. It is found that “the steam-heating apparatus was completed by the winter of 1881-82, and was in use during that winter and subsequently. No offer to return any part of it was ever made by the defendant to the plaintiff, but the plaintiff was called upon by the defendant, and did from time to time do certain work upon it, with a view to remedying defects as they were discovered.”
If the defendant did in effect accept the work, as satisfactory to him under the contract, there is no reason that he should not be liable for the contract price. This is said of this contract, in consideration of the uncertain condition of ‘ ‘ properly heating ” the house. To a certain extent that would be matter of opinion or judgment, and the defendant’s acts might conclude him.
The mere using of the apparatus, inasmuch as such use was contemplated by the contract for the purpose of ascertaining if the house could be properly heated by it, and the calling upon the plaintiff to remedy defects, and then the omission to offer to return such parts as could be severed from the house without damage, provided the special contract had not been complied with, would not have given an action upon the contract. If, as the referee has found, the contract had been performed, that ends all doubt; but if not, the particular facts alluded to will not necessarily show a performance. They can be used as evidence in relation to whether there was a waiver •of performance or an acceptance in fact with a waiver, and also, whether there had been performance, and as evidence they must be considered with all the other pertinent facts of the "case (Smith v. Brady, 17 N. Y. 173). This case shows that in an action upon a special contract, performance or waiver of performance must be proved to uphold a recovery upon it. There is no question presented on this appeal as to the right of the plaintiff to recover for the reasonable value of the steam-heating fixture.
*512 No question has been made on this appeal as to the plaintiffs right to recover under the contract for roofing.
For the error in the judgment as to the plumbing and gas fitting, the judgment is reversed, and a new trial ordered, and the order of reference vacated, with costs of the appeal to abide the event.